IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00135-BNB

SANDRA B. TOODLE,

    Plaintiffs,

v.

JENNIFER BUSH,
GLENN O'NEAL,
GREGORY C. LANGHAM,
SOCIAL SECURITY ADMINISTRATION (Denver, CO.), and
ATTORNEY GERALDINE TURNER JONES,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 31 2006

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff Sandra B. Toodle has filed *pro se* a Complaint for money damages. The court must construe the Complaint liberally because Ms. Toodle is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, Ms. Toodle will be ordered to file an amended complaint.

The court has reviewed the Complaint and has determined that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to

relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Toodle fails to set forth a short and plain statement of the grounds on which the court's jurisdiction depends and she fails to set forth a short and plain statement of her claims showing that she is entitled to relief. Ms. Toodle must set forth the statutory authority that allows her to sue the named Defendants in this court and she must set forth, clearly and concisely, the specific claims she is asserting against the named Defendants. Although Ms. Toodle cites two federal criminal statutes and the Thirteenth Amendment to the United States Constitution, the cited statutes do not provide the court with jurisdiction over this civil action and do not allow Ms. Toodle to sue the named Defendants for money damages. It also is not clear what claim Ms. Toodle might be asserting against the Defendants pursuant to the Thirteenth Amendment. In short, the Complaint makes no sense.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Ms. Toodle should be given an opportunity to file an amended complaint. She will be directed to do so below. Accordingly, it is

ORDERED that Ms. Toodle file, **within thirty (30) days from the date of this order,** an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Ms. Toodle, together with a copy of this order, two copies of the following form: Complaint. It is

FURTHER ORDERED that, if Ms. Toodle fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the complaint and the action will be dismissed without further notice.

DATED January 31, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00135-BNB

Sandra Toodle
1944 Grant Street (RM 7)
Denver, CO 80203

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Complaint** to the above-named individuals on 1/31/06

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk